COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


RONALD A. PARRISH
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2718-97-2      JUDGE DONALD W. LEMONS
                                         MARCH 16, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                      James F. D'Alton, Jr., Judge

            Mary Katherine Martin, Senior Assistant
            Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


        Ronald A. Parrish appeals his conviction for conspiracy to

distribute cocaine, a violation of Code § 18.2-256.  On appeal,

he argues that the evidence was not sufficient to support his

conviction.  Because we hold that the evidence was sufficient to

find that Parrish conspired to distribute cocaine, we affirm his

conviction.

                        I.   BACKGROUND

        On December 5, 1996, Investigator Robert Elkins of the City

of Petersburg Police Department was working in an undercover

narcotics operation.  He parked his vehicle near the center of

the street just before the intersection of Shore and Wilson

Streets and saw Ronald A. Parrish standing near the middle of the

_____
        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

street.  Parrish approached his vehicle and "asked me what I needed."  Elkins told Parrish he needed "a dime or a twenty," referring to ten or twenty dollars worth of cocaine.  Parrish then asked him for a ride up the street to "Green Lantern," but Elkins refused.

Elkins "crept the car up a little bit" on Shore Street, when a second vehicle pulled ahead of him.  A passenger, later identified as Edward A. Hines, Jr., exited the second vehicle and the car drove away.  Parrish told Elkins "[h]old on a minute," and Parrish jogged over to Hines.  Elkins remained seated in the vehicle.  Parrish "went over to [Hines]" and "stopped and spoke to [Hines] a minute -- or I observed [Parrish and Elkins] appearing to be talking."  Parrish and Hines looked over in Elkins' direction.  Elkins stated that "both [Parrish and Hines] walked back over to my vehicle where I was stopped in the road." Parrish "[was] standing less than five inches away from . . . Hines" and "both stood outside of my half open window together." Parrish watched Elkins' and Hines' hands as Elkins exchanged money for "two small chunks of crack cocaine in a cigarette wrap -- the clear outside packaging of a cigarette wrap" from Hines. After obtaining the drugs, Elkins left Parrish and Hines standing together in the street.  Shortly thereafter, a second officer arrested Hines and Parrish.

Parrish's version of events was similar; however, Parrish stated, "I wasn't going to sell him [any drugs]. . . . I was

going to basically have —— I mean, ask somebody did they have anything, but I wasn't going to sell him nothing [sic]."  Parrish admitted to having four or five prior felony convictions.

Parrish was convicted in a bench trial of distribution of cocaine, distribution of cocaine within 1,000 feet of school property, and conspiracy to distribute cocaine.  On appeal, he argues that the evidence was insufficient to support his conviction for conspiracy to distribute cocaine.

## II.  SUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth.  See Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990).  On appeal, the decision of a trial court sitting without a jury is afforded the same weight as a jury's verdict and will not be disturbed unless plainly wrong or without evidence to support it.  See King v. Commonwealth, 217 Va. 601, 604, 231 S.E.2d 312, 315 (1977).

A conspiracy is "an agreement between two or more persons by some concerted action to commit an offense."  Brown v. Commonwealth, 3 Va. App. 101, 107, 348 S.E.2d 408, 411 (1986) (citations omitted).  Proof of a conspiracy to distribute narcotics can be inferred by surrounding facts and circumstances. See Moore v. Commonwealth, 25 Va. App. 277, 289, 487 S.E.2d 864, 870 (1997).  In fact,

- 3 -

> [c]ircumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the only method of proof. [A] common purpose and plan may be inferred from a development and collocation of circumstances. Where it is shown that the defendants by their acts pursued the same object, one performing one part and the other performing another part so as to complete it with a view to its attainment, the jury will be justified in concluding that they were engaged in a conspiracy to effect that object.

Amato v. Commonwealth, 3 Va. App. 544, 552, 352 S.E.2d 4, 9 (1987) (citations omitted).

Although, "[e]vidence which merely established aiding or abetting in the commission of the distribution offense will not suffice to prove a conspiracy . . . [t]he evidence need not show that . . . [the defendant] knew the entire scope or details of the plan of distribution." Moore, 25 Va. App. at 288, 487 S.E.2d at 870 (citations omitted). In Moore, the defendant appealed his convictions for possession of heroin with intent to distribute and conspiracy to possess heroin with the intent to distribute. In part, he claimed that the evidence failed to prove a conspiracy existed between him and a co-felon. The evidence revealed Moore's admission that he knew that the co-felon intended to distribute heroin and his contradictory statements about his knowledge of the contents of the bag in his pants.

We affirmed both of Moore's convictions. With respect to the conspiracy conviction, we held, "[a]n agreement between Moore and [his co-felon] may be inferred from the facts and

- 4 -

circumstances." Id. at 289, 487 S.E.2d at 870. As we have noted, "determinations of credibility lie within the purview of the fact finder, who may reject a witness' testimony . . . [and] the fact finder may conclude that the defendant lied to conceal his guilt." Id. at 289, 487 S.E.2d at 870.

In the case now before us, Parrish argues that the evidence was not sufficient to support his conviction for conspiracy to distribute cocaine. Citing our decision in Feigley v. Commonwealth, 16 Va. App. 717, 432 S.E.2d 520 (1993), he argues that the Commonwealth failed to prove the existence of a conspiracy between him and Hines beyond a reasonable doubt. In Feigley, we reversed the defendant's conviction for conspiracy to distribute narcotics, holding that when "the evidence is equally susceptible to two constructions, one of which would support conspiracy and another which would not, the fact finder is not free to arbitrarily select that theory of conspiracy." Id. at 724, 432 S.E.2d at 525. Parrish contends that the evidence, even when viewed in the light most favorable to the Commonwealth, was equally subject to interpretations of guilt or innocence.

In reviewing the evidence in the light most favorable to the Commonwealth, we hold that the evidence was sufficient to support the finding that a conspiracy existed between Parrish and Hines to sell cocaine to Elkins. We hold that the Commonwealth excluded all reasonable hypotheses of Parrish's innocence in a conspiracy to distribute cocaine with Hines. Parrish asked Elkins "what he needed," and thereafter he conferred with Hines.

Hines came to Elkins' car with Parrish and, without any further conversation, completed the transaction. The evidence was sufficient to find beyond a reasonable doubt that an agreement was formed between Parrish and Hines to distribute crack cocaine to Elkins. The conviction is affirmed.

Affirmed.

Benton, J., dissenting.

Ronald Parrish appeals from a conviction of conspiring with Edward A. Hines, Jr., for the purpose of distributing cocaine. I believe the evidence proved only that Parrish aided and abetted Hines when Hines distributed cocaine to the police officer. Parrish was convicted of that offense. In my view, the evidence was insufficient to prove a conspiracy.

By long standing definition, a "'[c]onspiracy is an agreement between two or more persons by some concerted action to commit an offense.'" Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937) (emphasis added) (citation omitted). "The agreement is the essence of the conspiracy offense." Zuniga v. Commonwealth, 7 Va. App. 523, 527-28, 375 S.E.2d 381, 384 (1988). Thus, it necessarily "follows that if the Commonwealth has failed to prove an agreement to commit an offense . . . , the prosecution falls of its own weight." Falden, 167 Va. at 544, 189 S.E. at 327. As in every criminal prosecution for conspiracy, the Commonwealth bears the burden of "'prov[ing] beyond a reasonable doubt that an agreement existed.'" Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993).

The police officer testified that after he stopped his vehicle near Parrish, Parrish asked what he needed. When the officer said $10 or $20 worth of cocaine, Parrish asked the

officer to drive him to another location four to five blocks

away.  The officer then described the following events:

> [Parrish] asked for a ride, and I told him
> no.  I said, I didn't know him.  I wasn't
> going to give him a ride.  At that time he
> appeared that since I wouldn't give him a
> ride, there wouldn't have been a transaction
> made.

> I crept the car up a little bit.  A second
> vehicle pulled up ahead of me on Shore
> Street.  A passenger got out of that vehicle.
> The vehicle left the area.  Mr. Parrish said:
> Hold on a minute.  He jogged over to the
> second individual . . . .

> I stayed in the vehicle. . . .  He went
> over to the second individual, who we later
> identified as Edward Hines.  He stopped and
> spoke to him a minute -- or I observed them
> appearing to be talking.  Their mouths were
> moving.  They looked in my direction.

> Both individuals walked back over to my
> vehicle where I was stopped in the road.  Mr.
> Parrish, standing less than five inches away
> from Mr. Hines . . . .

> *       *       *       *       *       *       *

> I observed [Parrish's] eyes looking in
> that direction at a transaction that occurred
> between me and Mr. Hines.

> I exchanged $20 of police department funds
> for two small chunks of crack cocaine in a
> cigarette wrap -- the clear outside packaging
> of a cigarette wrap -- with Mr. Hines.  At
> which time after I obtained the drugs, I left
> the area leaving Mr. Hines and Mr. Parrish
> standing in the street together.

No other evidence proved any further involvement by Parrish.

As in Feigley, "[t]here is no evidence to prove . . . that

[Parrish] and [Hines] had prearranged that they would distribute

drugs or that [Parrish] would 'run' drugs for [Hines]."  16 Va.

- 8 -

App. at 723, 432 S.E.2d at 524. Indeed, the evidence suggests that Hines' appearance was fortuitous and that his conversation with Parrish was unplanned. In any event, because the evidence failed to prove the nature of the conversation between Parrish and Hines, the evidence is consistent with the hypothesis that Parrish, knowing the officer would not drive five blocks to buy cocaine from Parrish, informed Hines that a customer was sitting in the vehicle who wanted to purchase $10 or $20 worth of cocaine. Significantly and simply put, the evidence failed to prove an agreement.

Where evidence in the record "'is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates [the accused].'" Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969) (citation omitted). "On this record, it is equally, if not more, plausible that . . . [Parrish], who had been approached by [the officer], simply facilitated a single drug sale between [Hines] and [the officer]." Feigley, 16 Va. App. at 723, 432 S.E.2d at 524. In other words, Parrish "was simply aiding and abetting in the drug sale." See id.

The evidence leads only to speculation, is not wholly consistent with Parrish's guilt of the conspiracy offense, and certainly is not wholly inconsistent with innocence of that offense. See Bishop v. Commonwealth, 227 Va. 164, 169, 313

- 9 -

S.E.2d 390, 393 (1984).  Suspicion that an accused has committed an offense is insufficient to prove guilt beyond a reasonable doubt.  Id. at 170, 313 S.E.2d at 393.  Therefore, I would reverse the conspiracy conviction.  I dissent.